AMOS N. BECKWITH v. REBECCA BROWN, EXECUTRIX OF
JOHN D. BROWN AND EDWARD H. HAZARD.

Where an assignment for the benefit of creditors provided, by its first three
clauses for the payment of certain preferred debts, and by the fourth
clause for the payment of debts not preferred, and concluded with a pro-
viso, that the creditors should execute a discharge in full of their claims
and demands to the assignor, as a condition of taking under the assign-
ment, and in case any creditor neglected to execute such discharge his
dividend should result to the assignor ; *held,* that the provision for the
return of the dividends of the non-releasing creditors to the assignor ap-
plied to all the clauses, and that therefore, where one of the preferred
debts had been paid, although no release had been executed by the
creditor, a releasing creditor of a subsequent class was not entitled to
have the sum, applied to the payment of such debt, returned and applied
to the payment of his debt.

BILL IN EQUITY. July 27th 1847, John P. Dockray
assigned to John D. Brown and Edward H· Hazard all
his property, real and personal, on the following trusts,
to wit :—

" First—The said John D. and Edward H. shall first
pay all reasonable expenses of making and executing this
deed of assignment and shall retain to themselves a rea-
sonable compensation for executing the trusts herein
created.

Secondly—The said John D. and Edward H. shall next
pay and satisfy in full the respecive debts, which I owe
to the Rhode Island Union Bank upon a note signed by
me and payable to my mother, Mary P. Dockray, and en-

dorsed by her for one thousand dollars, and to John D. Brown for about twelve hundred dollars, and, if said proceeds be not sufficient, than ratably.

Thirdly—The said assignees shall, after having done and performed the several things herein before required, with the surplus, if sufficient, pay and satisfy the respective debts in full, which I owe to S. J. Benedict & Co., Amos N. Beckwith, Nehemiah Dodge & Co. and John W. Butts, and if said surplus be not sufficient, then the said assignees shall divide the same among said creditors in proportion to their respective demands.

Fourth—The said assignees, after having done and performed the several things hereinbefore required, shall divide the surplus. if any remaining in their hands, equally among all my creditors in proportion to their respective demands :

*Provided, however,* that such of the creditors of me the said Dockray, as do not, within three months from the date hereof, execute and deliver to said assignee a full discharge of their claims and demands against me, the said assignee, shall not be entitled or receive any dividend or profit under this deed of assignment, but the dividend on the claims and demands of such creditors shall be paid over to the aforesaid assignor or to such person or persons as he shall appoint."

The bill states that, at the date of this assignment, Dockray was indebted to the plaintiff in the sum of nine hundred and forty-two dollars and twenty-seven cents ; and that the plaintiff on the 27th of October, the last day in which creditors were allowed to come in under the assignment, called upon Edward H. Hazard and was told that no one had come in, and was shown a general discharge for the creditors, which was not signed by any one ; that he then executed the discharge required and

was frequently told, on days subsequent to this, both by Hazard and Brown, that no one else had signed the discharge ; notwithstanding which, the said Brown with the privity of said Hazard, had collected and appropriated eleven hundred and eighty-six dollars and eighty-six cents, to the payment of his claim, specified in the second clause of the assignment. The Bill prays that this sum may be made a charge upon the estate of the said John D. Brown, and that the defendants may be decreed to pay into Court for the plaintiff or to him personally, so much of said sum as will pay his claim with interest.

The answer states, that the claim of John D. Brown, referred to in the second clause of the assignment, consisted of a check upon the Eagle Bank, of Providence, for one hundred and thirty dollars, dated June 22, 1847, and a note dated April 5th, 1847, for one thousand and fifty dollars and ten cents, due October 8th, 1847, signed by said Brown and used by Dockray, and for which he gave his receipt and promise to pay the same at maturity ; that the assigned estate was sold at auction on the 23d of October, 1847, and on the same day, the said Brown was paid the amount due on said check, to wit, one hundred and thirty-two dollars and sixty-one cents, and wrote his receipt in full for the same on the back thereof ; and on the same day, said Brown was paid on account of the note and to be endorsed thereon the sum of seven hundred and fifty-seven dollars, and on the 26th of October, 1847, the sum of two hundred and ninety-seven dollars and twenty-five cents, in full satisfaction of said note, and said sums were endorsed thereon in full discharge thereof, and said note and check were surrendered to said assignees as cancelled and discharged, and that the plaintiff, at the time he signed the discharge, was made acquainted with these facts. The case was argued upon the pleadings and proofs.

*Ames* and *Jenckes* for the defendants contended, that John D. Brown was not required to give a release because the proviso stipulating for it, being connected with the clause providing for non preferred creditors, was intended to be restricted to them and not to apply to such as were preferred ; that if the release were required from him, he had substantially complied with the requisition by endorsing receipts in full upon the check and note and surrendering them, that the release need not be under seal, but if in substance executed equity would not regard the form ; that if the proviso extended to all the clauses of the deed and the release had not been executed, yet the plaintiff could not claim back the amount applied in payment of the demand of Brown, since in such case that amount would not fall into a fund to be divided among the releasing creditors, but by the terms of the proviso resulted to the assignor.    They cited *Andrews* v. *Ludlow*, (5 Pick. 28,) *Harris* v. *Sumner*, (2 Pick. 129,) *Hastings* v. *Baldwin*, (17 Mass. 552,) *Lupton* v. *Cutler*, (8 Pick. 298,) *Everett* v. *Walcott*, (15 Pick. 94, Forsyth on Debtor & Creditor 50,) *Makenzie* v. *Makenzie*, (16 Vesey 362,) *Ex parte Shaw*, (1 Mad. 321,) *Bradley* v. *Gregory*, (2 Camp. 383,) *Hosack* v. *Rogers*, (6. Paige 415.)

*Potter* for the plaintiff contended, that the proviso stipulating for a discharge extended to all the clauses of the assignments; that in itself the word discharge imported a release under seal, and the words " execute and deliver" used in connection with it showed that that was its meaning, since they were inapplicable to receipts endorsed on a check or note, that the composition must be under seal to operate a discharge in full where only a part of the debt was paid ; and that the dividends which, it was provided, should result to the creditor in case of a

Beckwith *v.* Brown & Hazard.

refusal to execute the discharge, were the dividends arising on the last class of claims. *Phenix Bank* v. *Sulli-van,* (9 Pick. 410.) *Cheever* v. *Imlay,* (7 Serg. & Rawle 510.) *Wilson* v. *Knepplers,* (10 Serg. & Rawle 439.) *Sheepshanks* v. *Cohen,* (14 Serg. & Rawle 35.) *Stoddart* v. *Allen,* (1 Rawle 258.) *Mather* v. *Pratt,* (4 Dallas 224.) *Tysing* v. *Dorr,* (6 Whart. 256.) *Battles* v. *Fobes,* (21 Pick. 239.) *Dedham Bank* v. *Richards,* (2 Met. 105.) *Pierpont & Lord* v. *Graham,* (4 Wash. 232.) *New England Bank* v. *Lewis,* (8 Pick. 113.)

The Court was of opinion that the provision that the dividends of non-releasing creditors should result to the assignor was not confined to claims and demands included in the last clause of the assignment but was general, and that therefore inasmuch as the sum applied to the payment of the claims of John D. Brown would result to the assignor, if forfeited by John D. Brown by his omission to execute the discharge, and was not subject to distribution among the releasing creditors, the plaintiff was not entitled to the relief prayed for.

*Bill dismissed without prejudice.*